IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL ANTONELLI,                    )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        Case No. CIV-06-628-HE
                                      )
JOE KEFFER, Warden,                   )
                                      )
        Respondent.                   )

## Report and Recommendation

For the ninth time in the last seventeen months,[1] Michael Antonelli has requested habeas relief under 28 U.S.C. § 2241.[2]  The Court should deny Mr. Antonelli's newest habeas petition.

Mr. Antonelli is incarcerated at the Federal Transfer Center.  He states that he was convicted in federal district court in Chicago, Illinois, and that his "sentence is being executed improperly" and that his conditions of confinement are unconstitutional.[3]  The sole

---

[1]     On May 11, 2006, a magistrate judge in the Eastern District of Arkansas stated that he was addressing "the eighth § 2241 petition filed by [Mr. Antonelli] in [the Eastern District of Arkansas] in the last fifteen months." *Antonelli v. Sanders*, 2006 WL 1489206, Westlaw op. at 2 (E.D. Ark. May 11, 2006) (magistrate judge's proposed findings and recommendations), *adopted* (E.D. Ark. May 26, 2006) (unpublished order by district judge).

[2]     Less than a month ago, the Eastern District of Arkansas imposed filing restrictions against Mr. Antonelli on the filing of additional habeas petitions. *Antonelli v. Sanders*, 2006 WL 1489206, Westlaw op. at 1 (E.D. Ark. May 26, 2006) (unpublished order).

[3]     Petition for Writ of Habeas Corpus (28 USC 2241) (June 9, 2006).

example given is that the warden has fabricated information to send him to a high security facility.  But a writ of habeas corpus is unavailable for this purpose.

Mr. Antonelli characterizes his claim as one involving conditions of confinement,[4] and habeas relief is unavailable in such proceedings.[5]  Recognizing that Mr. Antonelli is *pro se*, however, the Court should determine whether his characterization of the action is accurate.[6] It is.  A federal prisoner's challenge to an impending transfer involves conditions of confinement and cannot be used to justify issuance of a writ of habeas corpus.

The Tenth Circuit Court of Appeals addressed this issue in *Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir. 2001).  There the court held that Section 2241 "may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system.  Such an action must instead be brought under *Bivens* or Section 1983."[7]

---

[4]      *See supra* p. 1.

[5]      *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *see also Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("We have . . . recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241" (citations omitted)).

[6]      *See Roman-Nose v. New Mexico Department of Human Services*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court." (citation omitted)).

[7]      *Boyce v. Ashcroft*, 251 F.3d 911, 918 (10th Cir. 2001).

The opinion was subsequently vacated on mootness grounds.[8]  But because the first

opinion in *Boyce* was published,[9] it is "likely to be viewed as persuasive authority if not the

governing law."[10]  As a result, the federal district court should follow *Boyce v. Ashcroft* and

conclude that Mr. Antonelli's allegations are not cognizable grounds for habeas relief.  In

these circumstances, the habeas petition should be denied without the necessity of an answer

by the United States Attorney.

Mr. Antonelli has the right to object to this report and recommendation.[11]  Any such

objection must be filed with the Court Clerk for the United States District Court, Western

District of Oklahoma.[12]  The deadline for objections is July 6, 2006.[13]  The failure to timely

---

[8]    *Boyce v. Ashcroft*, 268 F.3d 953 (10th Cir. 2001).

[9]    The Tenth Circuit Court of Appeals also addressed the issue in an unpublished opinion, *Huerta v. Hawk-Sawyer*, 16 Fed. Appx. 916 (10th Cir. Aug. 9, 2001) (unpublished op.).  There a federal prisoner sought habeas relief under 28 U.S.C. § 2241, claiming that his transfer was unconstitutional.  *See Huerta v. Hawk-Sawyer*, 16 Fed. Appx. at 917.  Like Mr. Antonelli, the petitioner in *Huerta* acknowledged that the proceedings involved a challenge to the conditions of his confinement.  *See id*. at 917-18.  The Tenth Circuit Court of Appeals held that the claim could not be pursued through a habeas petition.  *Id*. at 918.  Instead, the claim could be prosecuted only through a complaint based on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id*.  Although unpublished, the appellate opinion in *Huerta* is persuasive.  *See* Tenth Cir. R. 36.3(B).

[10]   *Los Angeles County v. Davis*, 440 U.S. 625, 647 n.10 (1979) (Powell, J., dissenting); *see State v. Shalala*, 42 F.3d 595, 599 n.5 (10th Cir. 1994) (deeming a district court's reasoning as persuasive even though the decision had been vacated upon settlement of the case); *see also Barrett v. Harrington*, 130 F.3d 246, 258 n.18 (6th Cir. 1997) (looking to a vacated Tenth Circuit opinion "as persuasive authority").

[11]   *See* 28 U.S.C. § 636(b)(1) (2000).

[12]   *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[13]   *See* W.D. Okla. LCvR 72.1(a).

object to this report and recommendation would preclude appellate review of the suggested denial.[14]

     The referral is terminated.

     Entered this 16th day of June, 2006.

Robert E. Bacharach
_____
Robert E. Bacharach
United States Magistrate Judge

---

[14]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

4